1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   VANESSA AVALOS, Individually and as            No. 2:22-cv-00861-TLN-KJN
     Successor in Interest TO THE ESTATE
12   OF ERNESTO ISAIAH AVALOS,
     DECEASED,
13                                                  **ORDER**
                        Plaintiff,
14
          v.
15
     COUNTY OF SAN JOAQUIN, et al.,
16
                        Defendants.
17

18          This matter is before the Court on Defendants County of San Joaquin (the "County");

19   Patrick Withrow ("Withrow"); Mary Cedana, R.N. ("Cedana"); Sarai Hardwick, L.V.N.

20   ("Hardwick"); Mandeep Kaur, R.N. ("Kaur"); Robyn Mendoza ("Mendoza"); Andrea Lopez

21   ("Lopez"); and Sgt. Izaguirre's ("Izaguirre") (collectively, "Defendants") Motion to Dismiss.[1]

22   (ECF No. 9.)  Plaintiff Vanessa Avalos ("Plaintiff") filed an opposition.  (ECF No. 10.)

23   Defendants filed a reply.  (ECF No. 12.)  For the reasons set forth below, the Court GRANTS

24   Defendants' motion.

25   ///

26   ///

27   _____

28   [1]      Defendant Johnnie Morris has not been served with notice of Plaintiff's lawsuit and does
     not join in the instant motion.

                                                   1

1      **I.      FACTUAL AND PROCEDURAL BACKGROUND**

2          On July 25, 2021, Ernesto Isaiah Avalos ("Avalos") was taken into custody at the San

3   Joaquin County Jail and was found hanging from his bunk less than 24 hours later.  (ECF No. 1 at

4   ¶¶ 57, 58.)  Custody staff cut Avalos down and performed cardiopulmonary resuscitation until an

5   ambulance arrived and transported him to St. Joseph's Medical Center, where he was pronounced

6   dead.  (*Id.* at ¶ 58.)  Plaintiff alleges Avalos was "coming down from Percocet and fentanyl"

7   while in custody and "pressed the call button in his cell several times and requested to be seen by

8   a nurse for pain."  (*Id.* at ¶¶ 60, 61.)  Plaintiff further alleges Avalos was suffering from drug

9   withdrawal and medical staff failed to provide Avalos with necessary medical care.  (*Id.* at ¶ 62.)

10         Plaintiff is Avalos's mother and claims to be his successor in interest.[2]  (*Id.*)  Plaintiff filed

11  the instant action on May 20, 2022, alleging the following claims: (1) a 42 U.S.C. § 1983 ("§

12  1983") claim for deliberate indifference to serious medical needs in violation of the Fourteenth

13  Amendment against all Defendants; (2) a § 1983 supervisory liability claim against the County

14  and Withrow; (3) a § 1983 *Monell* claim against the County; (4) a claim for failure to summon

15  medical care pursuant to California Government Code § 845.6 against the County, Withrow,

16  Mendoza, Kaur, Hardwick, and Cedana; (5) a negligence/wrongful death claim against all

17  Defendants except the County; (6) a medical negligence/wrongful death claim against the County,

18  Withrow, Mendoza, Kaur, Hardwick, and Cedana; (7) a § 1983 claim for violation of substantive

19  due process rights to familial association against all Defendants; (8) a § 1983 claim for failure to

20  protect against the County, Izaguirre, Morris, and Lopez; and (9) a survival claim under

21  California Civil Code § 52.1 against all Defendants.  (*Id.* at 22–46.)  Defendants filed the instant

22  motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) on September

23  26, 2022.  (ECF No. 9.)

24  _____

25  [2]      Defendants argue Plaintiff lacks standing to bring her claims based on allegations in the
    Complaint referring to Avalos as a "son/father."  (*See* ECF No. 1 at ¶¶ 103, 114.)  In opposition,

26  Plaintiff states those allegations were made in error, as Avalos "was not a father and did not have
    children."  (ECF No. 10 at 7.)  Plaintiff argues she has standing to proceed with this action as

27  Avalos's biological mother and is his successor in interest.  (*Id.* at 24.)  Because the Court is
    dismissing the Complaint on other grounds, the Court need not address this issue and instead will

28  allow Plaintiff to make this clarification in an amended complaint.

## II.   STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, '[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws

3

1  in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State*

2  *Council of Carpenters*, 459 U.S. 519, 526 (1983).

3        Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

4  facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim

5  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

6  reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

7  680. While the plausibility requirement is not akin to a probability requirement, it demands more

8  than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility

9  inquiry is "a context-specific task that requires the reviewing court to draw on its judicial

10  experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or

11  her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly

12  dismissed. *Id.* at 680 (internal quotations omitted).

13        If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

14  amend even if no request to amend the pleading was made, unless it determines that the pleading

15  could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,

16  1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

17      **III.**  **ANALYSIS**

18        Defendants move to dismiss all of Plaintiff's claims. (ECF No. 9.) The Court will

19  address each claim in turn. The Court notes Defendants address Claims One and Eight together,

20  and the Court will do so as well.

21      A.   Claims One and Eight

22        Claims One and Eight, for failure to provide medical care and failure to protect in

23  violation of § 1983, both appear to be based on Defendants' deliberate indifference to Avalos's

24  need for medical care while in custody. In moving to dismiss these claims, Defendants argue

25  Plaintiff fails to allege facts showing Avalos had a serious medical need or that Defendants acted

26  with deliberate indifference. [3] (ECF No. 9 at 13–15.)

27  _____

28  [3]    Because the Court concludes Plaintiff has not sufficiently alleged deliberate indifference,

1   To adequately plead deliberate indifference, Plaintiff must allege facts showing that: "(1)

2   [t]he defendant made an intentional decision with respect to the conditions under which

3   [decedent] was confined; (2) [t]hose conditions put the [decedent] at substantial risk of suffering

4   serious harm; (3) [t]he defendant did not take reasonably available measures to abate that risk,

5   even though a reasonable officer in the circumstances would have appreciated the high degree of

6   risk involved — making the consequences of defendant's conduct obvious; and (4) [b]y not

7   taking such measures, the defendant caused the [decedent's] injuries." *Gordon v. Cnty. of*

8   *Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (applying deliberate indifference standard to a

9   failure to provide medical care claim); *Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir.

10  2016) (applying deliberate indifference standard to a failure to protect claim).

11  Defendant argues Plaintiff does not allege sufficient facts to establish any elements of

12  deliberate indifference.  (ECF No. 9 at 13–18.)  In opposition, Plaintiff argues, without citing

13  specific portions of the Complaint, that Defendants: (1) did not properly screen and classify

14  Avalos; (2) failed to provide medical care after Avalos complained and requested medical

15  attention several times; and (3) the correctional staff failed to provide the necessary safety checks

16  to ensure Avalos's safety.  (ECF No. 10 at 16.)  Plaintiff further states she "can amend the claim

17  to eliminate the County and clear up the specific failures by each individual [D]efendant."  (*Id.*)

18  Absent citations to the allegations in the Complaint or any meaningful analysis from Plaintiff, the

19  Court finds Plaintiff fails to allege deliberate indifference.

20  As such, the Court GRANTS Defendants' motion to dismiss Claims One and Eight with

21  leave to amend.

22  ///

23  ///

24  _____

25  the Court need not and does not decide whether Plaintiff sufficiently alleged Avalos had a serious
    medical need.  However, the Court notes that Plaintiff alleges Avalos was suffering from drug

26  withdrawal.  (ECF No. 1 at ¶ 62.)  Some courts have found "[d]rug withdrawal constitutes a
    serious medical need requiring appropriate medical care."  *Villarreal v. Cnty. of Monterey*, 254 F.

27  Supp. 3d 1168, 1184–86 (N.D. Cal. 2017) (citing *Hernandez v. Cnty. of Monterey*, 110 F. Supp.
    3d 929, 948 (N.D. Cal. 2015) ("Withdrawal is a serious and potentially deadly medical condition,

28  with symptoms including seizures, hallucinations, agitation and increased blood pressure.")).

5

1        B.      Claim Two

2        Defendants move to dismiss Claim Two because Plaintiff fails to allege facts to support

3    claims that Withrow was aware of constitutional violations or that his actions or omissions were

4    connected to the purported constitutional violations.  (ECF No. 9 at 21.)  Plaintiff agrees to

5    dismiss this claim against the County but argues there are sufficient allegations to support a

6    supervisory liability claim against Withrow.  (ECF No. 10 at 17–18.)

7        To establish supervisory liability under § 1983, there must exist either "(1) [the official's]

8    personal involvement in the constitutional deprivation, or (2) a sufficient causal connection

9    between the supervisor's wrongful conduct and the constitutional violation."  *Rodriguez v. City of

10   L.A.*, 891 F.3d 776, 798 (9th Cir. 2018).  "The causal connection is established 'by setting in

11   motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others,

12   which [the supervisor] knew or reasonably should have known would cause others to inflict a

13   constitutional injury.'"  *Id*.  Thus, a supervisor can be individually liable for action or inaction in

14   the training, supervision, or control of his subordinates; for his acquiescence in the constitutional

15   deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.

16   *Starr v. Baca*, 652 F. 3d 1202, 1206 (9th Cir. 2011).

17       The Court agrees with Defendants that Plaintiff fails to plead sufficient facts showing a

18   causal connection between Withrow's conduct and the infringement of Plaintiff's constitutional

19   rights.  *See Sanchez v. Sacramento*, No. 2:19-cv-01545-MCE-AC, 2021 WL 4066262, at *6 (E.D.

20   Cal. Sept. 7, 2021) (holding a plaintiff's § 1983 claim against a supervisory defendant in his

21   individual capacity did not survive a motion to dismiss because the complaint was devoid of

22   factual allegations the defendant was personally involved in, knew of, or refused to stop the

23   actions of his subordinate officers in a way that caused the infringement of plaintiff's

24   constitutional rights).  Even though Plaintiff alleges Defendants knew or should have known

25   about their subordinates' conduct, "bare allegations that a supervisor 'knew or should have

26   known' of misconduct are conclusory, and therefore not entitled to the presumption of truth."

27   *Est. of Alejandro Sanchez v. Cnty. of Stanislaus*, No. 1:18-CV-00977-DAD-BAM, 2019 WL

28   1745868, at *6 (E.D. Cal. Apr. 18, 2019); *see Tennyson v. Cnty. of Sacramento*, No. 19-0429,

1   2020 WL 4059568, at *4 (E.D. Cal. July 20, 2020) (dismissing a supervisory liability claim that

2   contained "nothing more than bare recitals and conclusory allegations as to [the supervisor's]

3   knowledge or involvement in the underlying conduct"); *see also Estate of William Hennefer v.*

4   *Yuba Cnty.*, No. 2:22-cv-00389-TLN-KJN, 2023 WL 4108077, at *5 (E.D. Cal. June 21, 2023)

5   (dismissing a supervisory liability claim for failing to allege a "causal connection between

6   [d]efendant's alleged wrongful conduct and the alleged constitutional violation").

7           Accordingly, the Court GRANTS Defendants' motion to dismiss Claim Two with leave to

8   amend.

9                       C.      Claim Three

10          Defendants move to dismiss Claim Three because Plaintiff fails to allege sufficient facts

11  to establish *Monell* liability.  (ECF No. 9 at 21–24.)  In opposition, Plaintiff argues she pleaded an

12  adequate *Monell* claim based on a policy of inaction or failure to train.  (ECF No. 10 at 21.)

13          It is well-established that municipalities cannot be held liable under § 1983 for

14  unconstitutional torts of their employees based solely on respondeat superior.  *Monell v. Dep't of*

15  *Soc. Servs. of City of N.Y.*, 436 U.S. 658, 693–94 (1978).  Pursuant to *Monell*, a municipality is

16  only liable under § 1983 when its own illegal acts are a "moving force" in the constitutional

17  violation.  *Id.*  A plaintiff may assert *Monell* liability based on: (1) an official policy; (2) a

18  "longstanding practice or custom which constitutes the standard operating procedure of the local

19  government entity"; (3) the act of an "official whose acts fairly represent official policy such that

20  the challenged action constituted official policy"; or (4) where "an official with final policy-

21  making authority 'delegated that authority to, or ratified the decision of, a subordinate.'"  *Price v.*

22  *Sery*, 513 F.3d 962, 966 (9th Cir. 2008) (citations omitted).

23          Plaintiff argues she has pleaded an adequate *Monell* claim based on a policy of inaction or

24  failure to train.  (ECF No. 10 at 21.)  More specifically, Plaintiff cites allegations about prior

25  inmate suicides and deaths at San Joaquin County jail that she argues demonstrate the County's

26  pattern, custom, or policy of providing substandard care.  (*Id.* (citing ECF No. 1 at ¶¶ 34–35).)

27  Those allegations are: (1) an inmate died of suicide in 2019; (2) an inmate died in 2018, and it

28  was alleged in a subsequent lawsuit the inmate was denied referrals to medical specialists for

1   treatment of long-standing health problems; (3) two inmates were found dead in custody in 2015;

2   (4) an inmate hung himself in 2012 and another inmate hung himself in 2010 after not receiving

3   treatment or care for their mental illnesses.  (ECF No. 1 at ¶¶ 34–35.)  Plaintiff argues these facts

4   allege more than sporadic incidents and establish that Defendants had a pervasive custom of: (1)

5   denying inmates psychiatric attention, continuity of care, and access to higher levels of care not

6   available at the jail for those in need, which caused death; (2) failing to properly classify, house,

7   and monitor inmates suffering from mental health issues; (3) failing to maintain sufficient

8   medical and mental health staff; and (4) failing to use appropriate National and State accepted jail

9   minimum standards, procedures, and practices for handling suicidal inmates.  (ECF No. 10 at 22.)

10          The Court agrees with Defendants that Plaintiff fails to draw a link between the prior

11   deaths and allegedly insufficient policies regarding failure to provide necessary screening,

12   classification, treatment, and care.  The six incidents Plaintiff cite took place over the course of

13   twelve years prior to Avalos's death.  Not only does the Court have doubts as to whether the

14   incidents are of "sufficient duration, frequency, and consistency" to show a custom or practice,

15   but the allegations about the incidents are too vague to show the purported custom or practice

16   caused Avalos's injury.  *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).  Moreover, Plaintiff's

17   arguments in opposition are conclusory and devoid of meaningful analysis as to how these

18   specific instances support a *Monell* claim.

19          Thus, the Court GRANTS Defendants' motion to dismiss Claim Three with leave to

20   amend.

21                      D.      Claim Four

22          To prove a claim under California Government Code § 845.6 ("§ 845.6"), a prisoner must

23   establish three elements: "(1) the public employee knew or had reason to know of the need (2) for

24   immediate medical care, and (3) failed to reasonably summon such care."  *Jett v. Penner*, 439

25   F.3d 1091, 1098–99 (9th Cir. 2006).

26          Defendants move to dismiss Claim Four because Plaintiff does not allege facts to support

27   the contention that any Defendant knew or had reason to know of Avalos's need for immediate

28   medical care, as required for a § 845.6 claim.  (ECF No. 9 at 25.)  In opposition, Plaintiff states

1    she "agree[s] to dismiss this claim to the extent it is limited to medical care after Decedent was

2    found to be hanged." (ECF No. 10 at 22.)  In reply, Defendants point out the Complaint did not

3    limit Claim Four to Avalos's access to medical care after committing suicide. (ECF No. 12 at 4.)

4          Based on the lack of clarity from Plaintiff and what appears to be Plaintiff's non-

5    opposition to dismissing Claim Four in its entirety, the Court GRANTS Defendants' motion to

6    dismiss Claim Four with leave to amend.

7                    E.     Claims Five and Six

8          The elements of a negligence claim under California law are duty, breach, causation, and

9    injury. *Vasilenko v. Grace Family Church*, 3 Cal. 5th 1077, 1083 (2017). "Medical negligence is

10   one type of negligence, to which general negligence principles apply." *Martin v. United States*,

11   No. 2:14-CV-02214-TLN-KJN, 2017 WL 2881103, at *3 (E.D. Cal. July 6, 2017) (citation

12   omitted).

13         Defendants move to dismiss Claims Five and Six because Plaintiff fails to: (1) specify

14   which Defendant committed which negligent act, or how the negligent act proximately caused

15   Avalos's injuries; (2) allege a breach of duty; (3) establish causation; and (4) address Defendants'

16   immunity from liability under California Government Code §§ 820.2, 844.6, 845.6, 855.6, and

17   855.8. (ECF No. 9 at 26–27.)  In opposition, Plaintiff fails to respond to Defendants' arguments.

18   Instead, Plaintiff restates the elements of the claims, string cites various citations in the Complaint

19   without providing any discussion as to how those allegations satisfy each element of the claims,

20   argues in a conclusory fashion that the Complaint placed Defendants on notice of the claims, and

21   does not address Defendants' immunity arguments. (ECF No. 10 at 23–24.)

22         As with the other claims, Plaintiff's allegations and arguments as to Claims Five and Six

23   lack clarity.  Absent meaningful analysis from Plaintiff, the Court cannot say Plaintiff has stated

24   viable negligence claims. *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (affirming a

25   district court's dismissal of an entire complaint that made "everyone did everything allegations"

26   without leave to amend because "[t]he district court made clear . . . that plaintiffs must amend

27   their 'shotgun pleading' to 'state[ ] clearly how each and every defendant is alleged to have

28   violated plaintiffs' legal rights,'" and plaintiffs failed to do so).

1    Accordingly, the Court GRANTS Defendants' motion to dismiss Claims Five and Six
2    with leave to amend.
3         F.    Claims Seven and Nine
4     Defendants move to dismiss Claim Seven because Plaintiff fails to state a plausible
5    substantive due process claim for loss of familial relationship.  (ECF No. 9 at 27–28.)  Defendants
6    move to dismiss Claim Nine because Plaintiff fails to allege Defendants used threats,
7    intimidation, or coercion to violate Avalos's constitutional rights.  (*Id.* at 28–29.)  Plaintiff fails to
8    address Defendants' arguments as to Claims Seven and Nine in opposition.  (*See* ECF No. 10.)
9         Based on Plaintiff's failure to oppose dismissal of these claims, the Court GRANTS
10   Defendants' motion to dismiss Claims Seven and Nine.  Although Plaintiff did not address these
11   claims or indicate she could cure the deficiencies cited by Defendants, the Court will allow
12   Plaintiff an opportunity to amend based on the liberal standard in favor of granting leave to
13   amend.  *Lopez*, 203 F.3d at 1130.
14   **IV.   CONCLUSION**
15        For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss with leave
16   to amend.  (ECF No. 9.)  Plaintiff shall file an amended complaint not later than thirty (30) days
17   from electronic filing date of this Order.  Defendants shall file their responsive pleading not later
18   than twenty-one (21) days thereafter.  If Plaintiff does not file an amended complaint, the Court
19   will dismiss this action and close the case.
20        IT IS SO ORDERED.
21   Date: August 4, 2023
22
23
24        Troy L. Nunley
25        United States District Judge
26
27
28

10